

MAY - 8 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

JAMES BROWN,

      Plaintiff,

v.                                                                         Civil Action No. **3:08cv129**

LIEUTENANT BYNUM, *et al.*,

      Defendants.

### MEMORANDUM OPINION

      Plaintiff, a Virginia inmate, filed this action alleging that Lieutenant Bynum and Sergeant

Hogan (hereinafter collectively "Defendants") were deliberately indifferent to the risk that

Plaintiff would be assaulted by his Plaintiff. Defendants have moved for summary judgment on

the ground that Plaintiff has not exhausted his administrative remedies. The matter is ripe for

disposition.

### I. Standard For Summary Judgment

      Summary judgment must be rendered "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the

responsibility of the party seeking summary judgment to inform the court of the basis for the

motion, and to identify the parts of the record which demonstrate the absence of a genuine issue

of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

judgment motion may properly be made in reliance solely on the pleadings, depositions, answers

to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When

the motion is properly supported, the nonmoving party must go beyond the pleadings and, by

citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ.

P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all

justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer

Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986)).

      Here, Defendants contend that Plaintiff's claim must be dismissed because Plaintiff failed

to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because exhaustion

of administrative remedies is an affirmative defense, it is Defendants' burden  to plead and prove

it. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his motion for summary judgment,

Defendants have submitted affidavits, copies of the pertinent Virginia Department of Corrections

("VDOC") regulations, and a copy of Plaintiff's grievances. Plaintiff relies upon his verified

complaint. In light of the foregoing principles and submissions the following facts are

established for purposes of the motion for summary judgment.

## II.  Summary Of Facts

### A.  The Pertinent Grievance Procedures

      The Virginia Department of Corrections ("VDOC") maintains a grievance procedure for

resolving inmate complaints. The pertinent VDOC regulations require that, before submitting a

formal grievance, the inmate must make a good faith effort to resolve the grievance informally

through the procedures available at the institution to secure institutional services or resolve

complaints. VDOC Operating Procedure § 866.1(V)(A)(1). Generally, this requires an inmate to

file an informal complaint form. *Id.* If that resolution effort fails, the inmate must initiate a

2

formal grievance by filling out a standard form. *Id.* § 866.1(VI)(A)(2). "The original *Regular Grievance* (no photocopies or carbon copies) . . . should be submitted by the offender through the facility mail system to the Warden/ Superintendent's Office for processing by the Institutional Ombudsman/Grievance Coordinator." *Id.* § 866.1(VI)(A)(2)(b). Furthermore, the inmate must attach to the formal grievance form pertinent documentation of his attempt to informally resolve the issue." *Id.* § 866.1(VI)(A)(2)(a). A regular grievance must be filed within thirty (30) days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the inmate's control. VDOC Operating Procedure § 866.1(VI)(A)(1).

Prior to review of the substance of a formal grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the criteria for acceptance. *Id.* § 866.1(VI)(B). For example, prison officials will not process grievances that are untimely or that contain vulgar language or where it appears that the inmate has not utilized the informal processes available to resolve his complaint. (Compl. at 16.) Instead, prison officials note on the grievance the reason the grievance was not processed and return the grievance to the inmate. "If an offender wishes a review of the intake decision on any grievance, he/she may send the *Regular Grievance* form within five calendar days of receipt to the appropriate Regional Ombudsman for a determination. There is no further review of intake decisions." *Id.* § 866.1(VI)(B)(4).

There are up to three levels of review for a regular grievance. *Id.* § 866.1(VI)(C). The warden or superintendent of the facility in which the inmate is confined is responsible for Level I review. *Id.* § 866.1(VI)(C)(1). If the inmate is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the VDOC Regional Director, the VDOC Health Services Director, or the VDOC Chief of Operations for Offender

3

Management Services. *Id.* § 866.1(VI)(C)(2). The Level II response informs the inmate whether the inmate may pursue an appeal to Level III. *Id.* § 866.1(VI)(C)(2)(f).

### B.   Plaintiff's Attempts At Exhaustion

In November and December of 2007, Plaintiff repeatedly told Defendants that he and his cell partner were not getting along and that serious problem might occur unless Plaintiff or his cell partner were moved. On December 25, 2007, Plaintiff was attacked by his cell partner and sustained significant injuries.

On December 27, 2007, Plaintiff submitted an informal complaint wherein he stated that he did not receive a requested cell change and that he subsequently had been involved in a fight with his cellmate. Plaintiff stated that the incident had occurred on December 25, 2007. On January 7, 2007, prison officials responded that there had been no negligence on the part of prison staff.

Later that day, Plaintiff submitted a regular grievance wherein he stated that he was not satisfied with the response to his regular grievance. Plaintiff stated that "My Complaint is that I acknowledged Sgt. Hoggan and Lt. Bynum *over a month ago* prior to this incident pleading and requesting that my cell partner be moved or I be moved because we were having serious problems and that we didn't get along but I was ignored." (Defs.' Mem in Supp. of Mot. for Summ. J. Massenburg Aff., Encl. B (emphasis added).) Per the instructions on the form, Plaintiff attached a copy of his informal complaint, which stated the incident giving rise to the complaint had occurred on December 25, 2007.

On January 7, 2008, the Institutional Ombudsman circled the language emphasized above and rejected Plaintiff's grievance on the grounds that it had not been filed within thirty days of

4

the incident or occurrence that gave rise to the grievance. Plaintiff timely appealed the intake
decision to Regional Ombudsman.

In his appeal, which was received by the Regional Ombudsman on January 16, 2008,
Plaintiff asserted that his grievance was improperly rejected as untimely because the informal
complaint, which was attached to the grievance, clearly stated that the incident giving rise to the
complaint was the fight that occurred on December 25, 2007. On January 25, 2008, the Regional
Ombudsman upheld the decision to reject Plaintiff's grievance, but for different reasons than
stated by the Institutional Ombudsman. The Regional Ombudsman concluded that Plaintiff's
grievance should have been rejected because it contained insufficient information. Specifically,
the Regional Ombudsman noted:

> I am upholding the decision of Institutional Ombudsman
> Massenburg to reject your grievance, however, for 'Insufficient
> Information' . . . . The only date referenced in your grievance was
> "over a month ago".
>    According to policy, when filing your grievance, it is to
> contain all relevant information such as; date of occurrence . . . .

(Compl. at 20.)

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison
conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any
jail, prison, or other correctional facility until such administrative remedies as are available are
exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement the
inmate must file a grievance raising the claim and pursue the grievance through all available
levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court

5

has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (internal parentheses omitted) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Because the statute does not define the term available, "courts have generally afforded it its common meaning; thus, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (*citing Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Accordingly, a prisoner who has "utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively . . . . has exhausted his available remedies, even if prison employees do not respond." *Id.* (internal citation and quotation marks omitted) (*citing Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)).

Initially, Defendants contend that Plaintiff's grievance was improper "because the grievance policy requires that a grievance is to contain all relevant information such as the date of occurrence, who, what, why, and where." (Defs.' Mem. in Supp. of Mot. for Summ. J. at 3.) Defendants, however, fail to direct the Court to the pertinent regulation that requires such information in the grievance. Moreover, the Court's review of regulations submitted by Defendants does not reveal such a requirement. Because the pertinent regulations did not require

6

the date of the incident, Defendants cannot demonstrate that Plaintiff's omission of that information from the grievance warrants dismissal of the action for lack of proper exhaustion. *See Moore*, 517 F.3d at 726.

Next, Defendants contend that when the Institutional Ombudsman rejected Plaintiff's grievance as untimely, Plaintiff could have refiled the grievance with the corrected date. Defendants fail to explain why such action was required by the prison rules. Nevertheless, the Court acknowledges that "[e]xecutive officials and administrators may announce 'rules' that while not formally promulgated, must be followed to properly exhaust administrative remedies." Gray Proctor, *Ngo Excuses: Proving, Rebutting, and Excusing Failure To Exhaust Administrative Remedies In Prisoner Suits After Woodford v. Ngo And Jones v. Bock*, 31 Hamline L. Rev. 471, 486 (2008). Of course a prison official must actually inform the prisoner of the existence informal rules and the availability of the *ad hoc* procedures for exhausting his or her claims. *Id.* at 487 ("[O]fficial authority to make rules 'on the fly' cannot be unlimited; at the very least, prisoners must have notice of the procedural rules that will apply to them"); *see Goebert v. Lee County*, 510 F.3d 1312, 1322-23 (11th Cir. 2007). There is no evidence of that occurring here. Rather, the regulations suggest that Plaintiff pursued the appropriate course by appealing the intake determination that incorrectly determined his grievance was untimely.

In a similar vein, Defendants contend that Plaintiff failed to exhaust his available administrative remedies because he could have simply resubmitted his grievance after he received the Regional Ombudsman's response. Once again, Defendants simply fail to demonstrate that this was so. The Regional Ombudsman's response did not indicate to Plaintiff that he could resubmit his grievance. Moreover, according to regulations, by the time Plaintiff

7

received the Regional Ombudsman's response, the time for filing a regular grievance pertaining the December 25, 2007 incident had expired. Thus, Defendants fail to demonstrate that such a remedy was available to Plaintiff.

The record before the Court indicates that Plaintiff "utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore*, 517 F.3d at 725 (*quoting Woodford*, 548 U.S. at 88). Having done that, Plaintiff has exhausted his available remedies, even though prison officials chose not to address the merits of his grievance. *Id.* (*citing Dole*, 438 F.3d at 809). Defendants' motion for summary judgment (Docket No. 12) will be DENIED.

An appropriate Order shall issue.

Date: **MAY - 8 2009**
Richmond, Virginia

/s/
_____
Richard L. Williams
United States District Judge

8