

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES BROWN,

    Plaintiff,

v.                                                                Civil Action No. **3:08cv129**

LIEUTENANT BYNUM, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, filed this action alleging that Lieutenant Bynum and Sergeant Hogan (hereinafter collectively "Defendants") were deliberately indifferent to the risk that Plaintiff would be assaulted by his cell-mate. Plaintiff's alleges that as a result of Defendants' indifference he was attacked by his cell partner on December 25, 2007. Defendants have moved for summary judgment. The matter is ripe for disposition.

### I. Standard For Summary Judgment

Summary judgment must be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When

the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

In support of their motion for summary judgment, Defendants have submitted affidavits. Plaintiff has not offered any evidence in opposition to the motion for summary judgment.[1] In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the motion for summary judgment.

## II. Summary Of Facts

In 2007, Plaintiff was incarcerated in Sussex II State Prison (hereinafter "Sussex II"). As of December of 2007, Plaintiff had been housed in cell 2A-23 for at least one year. Plaintiff preferred to be housed alone and did not like living with other inmates. Single cell assignments are not available in general population at Sussex II. In approximately one six-month period, Plaintiff had six different cell partners. Plaintiff complained about his various cell partners and

---

[1] On July 21, 2009, the Court received an unsworn letter from Plaintiff. The Court will not consider that letter. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence).

often found fault with them. Plaintiff, however, never requested to be moved to another cell, but found a number of reasons as to why his cell partner should be moved. Prior to December of 2007, several of Plaintiff's cellmates had been moved due to their complaints that Plaintiff was difficult to live with and tried to control the cell. When an inmate was moved from Plaintiff's cell, Plaintiff would be alone in his cell for a week or two before a new inmate was assigned to the cell.

During November and December of 2007, Lieutenant Bynum, Sergeant Hogan, and Correctional Officer Smith were employed at Sussex II and saw Plaintiff on a regular basis. Nevertheless, Plaintiff never told his these individuals that he felt threatened by his cell mate, inmate Brown.[2] On December 10, 2007, Plaintiff asked Sergeant Hogan to move inmate Brown to another cell because inmate Brown did not like Plaintiff getting his medication at 4:00 a.m. pill call. Plaintiff did not ask to switch cells himself.

Thereafter, Sergeant Hogan went and talked to inmate Brown. Inmate Brown said that he did not have any problem with Plaintiff receiving his medication at the 4:00 a.m. pill call. Sergeant Hogan offered to move inmate Brown to a different cell. Inmate Brown stated that he did not wish to move. Because there did not appear to be an issue between inmate Brown and Plaintiff, Sergeant Hogan took no further action.

On December 25, 2007, Lieutenant Bynum saw Plaintiff. Lieutenant Bynum noticed that Plaintiff's eye and lip were swollen. Lieutenant Bynum asked Plaintiff what had happened.

---

[2] On one occasion, Plaintiff told Correctional Officer Smith that inmate Brown, masturbated toward the control booth. Plaintiff, however, made the same complaint about all of his cell partners.

3

Plaintiff replied that nothing had happened. Lieutenant Bynum sent Plaintiff to the medical department. Shortly after filing the present complaint, Plaintiff was moved from Sussex II.[3]

### III. Analysis

It is clear that the Eighth Amendment imposes a duty on prison officials "'to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (*quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). Nevertheless, in order to survive summary judgment, a plaintiff must introduce evidence that indicates that a particular official was deliberately indifferent to the substantial risk of harm from such violence. *See id.* at 837. The Supreme Court emphasized that, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Plaintiff has not introduced any evidence that suggests that, prior to December 25, 2007, there was a substantial risk that he would be attacked by inmate Brown or that Defendants were aware of that risk and stood indifferent. *See Westmoreland v. Brown*, 883 F. Supp. 67, 74-75 (E.D. Va. 1995) (discussing circumstances that may impose liability for indifference to the risk of prison assault). Accordingly, Defendants' motion for summary judgment will be GRANTED. Plaintiff's claims and the action will be DISMISSED.

An appropriate Order shall issue.

Dated: MAR 1 0 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

---

[3] Plaintiff's transfer renders his claims for injunctive relief moot. *See Rendleman v. Rouse*, 569 F.3d 182, 186-87 (4th Cir. 2009).